**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KENNETH SHAWN HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-CV-626-TCK-TLW |
| ) | |
| JOSE LUIS MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On November 8, 2012, Plaintiff, an inmate incarcerated at the Tulsa County Jail and appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). For the reasons discussed below, the Court finds Plaintiff's motion to proceed in forma pauperis shall be granted. However, the complaint fails to state a claim upon which relief may be granted and, for that reason, the complaint shall be dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B).

**A. Motion to proceed in forma pauperis**

After reviewing Plaintiff's motion to proceed in forma pauperis, the Court finds that Plaintiff is without funds in his institutional account(s) sufficient to prepay in full the **$350** filing fee required to commence this action. Accordingly, Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion for leave to proceed *in forma pauperis* shall be granted. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The Prison Litigation Reform Act of 1996 ("PLRA") requires the district court to assess and collect the $350 filing fee even when a case is dismissed before service of the summons and complaint. See 28 U.S.C. § 1915(b)(1).  Therefore, the trust fund officer or other appropriate prison official at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid.  Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff.  All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action.  The Clerk shall send a copy of this Order to jail officials at David L. Moss Criminal Justice Center, Tulsa, OK.

**B.  Background**

Plaintiff asserts that this Court's jurisdiction arises under 42 U.S.C. § 1983. See Dkt. # 1 at 2. He sues to recover damages resulting from injuries he sustained after being shot by Defendant Jose Luis Martinez. Plaintiff claims that on July 3, he "was allowed to enter [Defendant's] home where we got into an argument over his wife making me a bowl of cereal. He then pulled a gun and shot me while my hands were on the wall and back was turned." See Dkt. # 1 at 2.  As his request for relief, Plaintiff asks for "$5,000.00 and full payment of any hospital bills that came from this incident. The $5,000.00 is for pain and suffering." Id. at 7.

**C. Analysis**

    **1. Dismissal standard**

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct

3

a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

### 2. Plaintiff's complaint fails to state a claim upon which relief may be granted

After liberally construing Plaintiff's pro se complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that the complaint fails to state a claim upon which relief may be granted. Section 1983 provides as follows:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). The emphasized language establishes that, under § 1983, liability attaches only to conduct occurring under color of state law; conduct constituting state action under the Fourteenth Amendment satisfies this requirement. Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 n. 18 (1982); West v. Atkins, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Private conduct constitutes state action if it is "fairly attributable to the State." Lugar, 457 U.S. at 937; see also Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). This requirement is satisfied if two conditions are met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and (2) the private party charged with the deprivation "must be a person who may fairly be said to be a state actor. This may be because he is a state official, because

he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Lugar, 457 U.S. at 937.

In this case, Plaintiff has identified a private individual, Jose Luis Martinez, as defendant. Nothing in the complaint suggests that Martinez's private conduct in shooting Plaintiff was "fairly attributable to the State." Lugar, 457 U.S. at 937. Therefore, Martinez is not amenable to suit under § 1983, and Plaintiff has failed to state a cognizable claim for relief under that statute. Plaintiff's civil rights complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1515(b)(2)(B).

### 3.  First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed in forma pauperis and his complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **granted**. Plaintiff is responsible for payment of the **$350** filing fee in monthly installments.
2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s).  Jail officials having custody of Plaintiff shall forward payments from

    Plaintiff's account(s) to the Clerk at the address cited herein each time the amount in the account(s) exceeds $10 until the filing fee is paid.

3. The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

4. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

5. The Clerk shall send a copy of this Opinion and Order to jail officials at David L. Moss Criminal Justice Center, Tulsa, OK.

DATED THIS 14th day of November, 2012.

*Terence C. Kern*

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE